111 F.3d 133
 9 NDLR P 165
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Susan L. JOHNSON, Plaintiff-Appellant,
v.
FOULDS, INC., Defendant-Appellee.
 No. 96-2961.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 28, 1997.*
Decided Feb. 19, 1997.
 
 Before BAUER, KANNE and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The issue in this appeal is whether the district court erred in dismissing Susan Johnson's second amended complaint under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Johnson claims that she suffers from mental depression but that she is capable of performing her former secretarial position if given reasonable accommodation. The only accommodation she ever requested, however, was an indefinite medical leave. The district court dismissed, holding that indefinite leave could not be a reasonable accommodation and that Johnson had conceded her inability to perform the essential functions of her job. We affirm.
 
 
 2
 According to her complaint, Johnson was a secretary for the president of Foulds when she began to suffer from disabling mental depression. Her last day at work was February 17, 1994. On February 22 her doctor wrote to the company stating that Johnson should be placed on medical leave for an indefinite period. On March 16 Johnson telephoned the president to tell him she had appointments with her psychotherapist and psychiatrist. Foulds terminated Johnson on March 18 for the stated reason that she had not worked since February 17. After receiving a right-to-sue letter from the EEOC, Johnson filed the present suit.
 
 
 3
 The ADA's fundamental rule is that "[n]o covered entity shall discriminate against a qualified individual with a disability." 42 U.S.C. § 12112(a). On January 21, 1996, the district court dismissed Johnson's original complaint on the ground that she had not adequately alleged that she was a "qualified individual with a disability": that is, a member of the class protected by the ADA. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8). This is an element on which the plaintiff bears the burden of proof. Weiler v. Household Finance Corp., 101 F.3d 519, 524 (7th Cir.1996). Applying the requirements of the ADA, the court found that Johnson's complaint failed to allege both that she had a disability and that any reasonable accommodation would have enabled her to perform the essential functions of the secretarial job. Without ruling on the issue, the court also expressed skepticism whether an indefinite leave of absence could be considered a reasonable accommodation.
 
 
 4
 Johnson responded with an amended complaint, and then a second amended complaint, adding several paragraphs that appeared to address the deficiencies listed by the district court. In relevant part, she alleged that she could perform the essential functions of her job if Foulds provided reasonable accommodation such as "job restructuring," a "modified work schedule," "permitting occasional work from home," or "permitting occasional paid or unpaid leave." She further alleged that Foulds had terminated her without responding to her request for accommodation. The district court again dismissed, this time with prejudice, on the grounds that the only accommodation she had ever actually requested--by her doctor's letter to Foulds--was an indefinite leave of absence, and that indefinite leave was not a reasonable accommodation. The court also found that she had via her doctor's letter effectively conceded that she was incapable of performing the essential functions of her job, with or without accommodation.
 
 
 5
 The district court gleaned the nature of Johnson's request for accommodation not from the main body of her amended complaint, but from the appended EEOC charge of discrimination which included her sworn statement that February 17 was her last day of work and that her doctor had informed Foulds that she should be placed on indefinite leave. The court noted that Johnson had conspicuously deleted these facts in the course of amending her complaint, but nevertheless concluded that the EEOC charge was still part of Johnson's pleadings, Fed.R.Civ.P. 10(c). The court determined that Johnson's assertion that she had requested reasonable accommodation could only be interpreted to refer to her physician's letter.
 
 
 6
 As we explained in Beck v. University of Wisconsin Board of Regents, 75 F.3d 1130, 1134 (7th Cir.1996), "[a]n employee has the initial duty to inform the employer of a disability before ADA liability may be triggered for failure to provide accommodations." The federal regulations implementing the ADA then "envision an interactive process that requires participation by both parties" to determine the employee's limitations resulting from the disability and the nature of any reasonable accommodation to overcome these limitations. Id. at 1135, 29 C.F.R. pt. 1630, App. at 351-32 (1996). Disabling mental illness, however, may make this process more difficult. Bultemeyer v. Fort Wayne Community Schs., 100 F.3d 1281, 1285 (7th Cir.1996). "The employer has to meet the employee half-way, and if it appears that the employee may need an accommodation but doesn't know how to ask for it, the employer should do what it can to help." Id. At least where the employer is aware that the employee's difficulties stem from a communication-disabling disability such as mental illness, it can not say that it made a reasonable effort to identify the employee's needs if it did nothing to aid communication.
 
 
 7
 The district court adhered to the slightly stricter rule recently enunciated by the Fifth Circuit that "it is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one." Taylor v. Principal Financial Group, Inc., 93 F.3d 155, 164 (5th Cir.), cert. denied, 117 S.Ct. 586 (1996). This is similar to the threshold requirement in Beck that the employee must initially inform the employer of the disability. But in Bultemeyer, decided several months after the district court dismissed this case and thus unavailable to it, this circuit declined to add a "trigger" requirement that the employee must also be the first to suggest accommodation, especially if the nature of the employee's disability is such that he "doesn't know how to ask for it." Bultemeyer, 100 F.3d at 1285. In reaching its different holding, the Fifth Circuit relied on the explanation in the federal regulations that "[i]n general ... it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed." 29 C.F.R. pt. 1630, App., at 351 (1996). It appears that the court, and to a certain extent the commentary supporting the federal regulations themselves, may have overlooked the qualifying words "in general." Generally, it will be the employee's burden to initiate the process--but not always. See also 29 C.F.R. § 1630.2(o)(3) ("To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the qualified individual with a disability in need of the accommodation")
 
 
 8
 In any event, Johnson did notify Foulds of her disability and made what may be construed as an indirect request for accommodation, her doctor's letter recommending an indefinite leave. She also telephoned on March 16 to inform Foulds of her two doctor's appointments. As the district court held, an indefinite leave of absence is neither an "accommodation," because it does not "enable a disabled individual to work," nor "reasonable," because the cost to the employer is so clearly disproportionate to the benefit. Vande Zande v. State of Wis. Dept. of Admin., 44 F.3d 538, 542 (7th Cir.1995). A reasonable accommodation is not a guarantee of continued employment; it is an adaptation of work requirements designed to enable the employee to do her job and do it at reasonable cost. Requiring an employer to hold a position open for an indefinite period would accomplish neither.
 
 
 9
 The district court reasoned that it was implicit in the physician's recommendation of an indefinite leave that Johnson was incapable of working, with or without accommodation. As the district court concluded, "[s]uch a request is not a request for a reasonable accommodation, but rather an admission that the plaintiff cannot perform the essential functions of her job, either now or in the immediate future." It is not clear, however, that the doctor's recommendation of an indefinite leave can be taken as a admission that Johnson was incapable of performing the essential functions of her job. Indefinite leave may have merely been the doctor's opinion as to Johnson's best (as opposed to only) option from a therapeutic standpoint.
 
 
 10
 But Johnson's claim fails all the same, for a reason developed at oral argument. In its opinion, the district court intimated doubts as to Johnson's candor, noting that her amended complaint added studiously vague allegations as to what, for example, would have been a reasonable accommodation, while deleting potentially damaging facts concerning the nature of the accommodation request and omitting any reference to Johnson's abrupt cessation of work. This lack of focus persists in her appellate brief, which virtually ignores the grounds of the district court's decision. When pressed at argument, Johnson could propose but one specific "reasonable accommodation": that she be allowed to work at home. Not only is it doubtful that an executive secretary could perform her essential job functions at home, but we have stated as a matter of law that working at home is not a reasonable accommodation. Vande Zande, 44 F.3d at 544-45. We have yet to see an exception to this rule, and Johnson ignored Vande Zande even after Foulds cited it. Thus she has not made the case for an exception and is fatally bound by her concession.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unncesssary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)